NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. HEINEKE, | No. 17-16876 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-05285-LHK |
| v. | |
| SANTA CLARA UNIVERSITY and QIANYUE EVELYN ZHANG, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| JOHN M. HEINEKE, | No. 17-17408 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-05285-LHK |
| v. | |
| SANTA CLARA UNIVERSITY and JANE DOE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BERZON and BEA, Circuit Judges, and BERG,[**] District Judge.

Plaintiff John M. Heineke (Heineke), a long-serving tenured professor at Santa Clara University, appeals the district court's denial of a preliminary injunction to lift his suspension from teaching and order his reinstatement. Heineke sought this injunction after the university suspended him pending the results of an internal investigation of a sexual harassment complaint by a former student. Along with his claims for injunctive relief, Heineke brought suit for wrongful termination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; due process violations under 42 U.S.C. § 1983; intentional infliction of emotional distress; negligent infliction of emotional distress; breach of contract; breach of the covenant of good faith and fair dealing; and defamation.

The district court denied the preliminary injunction request,[1] resting its decision solely on a finding that Heineke had not established a substantial likelihood

---

[**] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] Heineke appealed the denial of his preliminary injunction motion. Dkt. 13 (Case No. 17-16876). While that appeal was pending, the university president affirmed the initial finding that Heineke had sexually harassed a former student and approved his termination. Heineke then filed a second motion for preliminary injunction to enjoin his termination as well as an internal appeal of the president's decision to the faculty judicial board. Pending the outcome of that appeal, Heineke remained on paid suspension. The district court denied Heineke's second preliminary injunction motion on the same grounds as the first, noting that his "status has not changed since his first motion for a temporary restraining order or

of irreparable harm. The district court failed to address the additional preliminary injunction factors of likelihood of success on the merits, balance of the hardships between the parties absent an injunction, and the public interest in granting the injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). We review the district court's denial of a preliminary injunction for abuse of discretion. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014). We reverse and remand for a complete application of the four-part preliminary injunction test.

The district court concluded that Heineke's evidence of reputational damage, loss of opportunity to pursue his chosen profession, and emotional distress did not support a showing of irreparable harm. The district court read *Sampson v. Murray*, 415 U.S. 61 (1974), and this Circuit's decisions applying *Sampson*, as rejecting "assertions of irreparable harm stemming from lost income, reputational damage, and psychological injury" that arise from an adverse employment decision. Citing *Sampson*, 415 U.S. at 89–93 & n.68; *Hartikka v. United States*, 754 F.2d 1516 (9th Cir. 1985); *Kennedy v. Sec'y of Army*, 191 F. 3d 460 (9th Cir. 1999). In *Sampson*, the Court acknowledged that an extreme case of lost income or reputational harm might constitute irreparable injury, but noted that generally "insufficiency of savings or difficulties in obtaining other employment – external factors common to

preliminary injunction." Heineke again appealed. Dkt. 7 (Case No. 17-17408). His two appeals are consolidated.

most discharged employees and not attributable to any unusual actions relating to the discharge itself – will not support a finding of irreparable injury, however severely they may affect a particular individual." *Sampson,* 415 U.S. at 92 n. 68.

The district court erred when it interpreted this language in *Sampson* to create a per se rule for all employment cases. *Sampson* specifically did not foreclose the possibility that reputational damage and emotional distress may represent irreparable harm.

The district court also erred by failing to address *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701 (9th Cir. 1988), in which we upheld an injunction based on the finding that a school district's decision to reassign a teacher to administrative-only duties because of his AIDS diagnosis caused irreparable harm in the form of loss of job satisfaction and emotional distress. *Chalk*, 840 F.2d at 709–10. Heineke has proffered evidence that he will experience emotional distress and loss of job satisfaction as a result of his suspension. The district court therefore abused its discretion by interpreting *Sampson* to create a per se rule for all employment cases—that reputational damage, lost opportunity, and emotional distress caused by a suspension or termination cannot constitute irreparable harm—and by ignoring the impact of binding, relevant precedent from *Chalk*. *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009).

17-16876

Moreover, the district court did not address all of the elements that must be shown in order to support a preliminary injunction. In *Chalk*, we noted first that the plaintiff demonstrated a likelihood of success on the merits of his Rehabilitation Act claims, and second that the injuries of reputational harm, loss of opportunity, and emotional distress resulting from that (likely provable) discrimination were the type of non-compensable injury the law was designed to prevent. 840 F.2d at 704–10. *Chalk* therefore suggests that in the employment discrimination context the likelihood of success on the merits may inform the irreparable harm analysis. Without any analysis regarding the likelihood of Plaintiff's success on the merits—including whether his suspension was discriminatory under the ADEA—the district court could not evaluate what impact the strength of Plaintiff's discrimination claims had on the likelihood he would suffer an irreparable, non-compensable injury absent an injunction.

On remand, the district court is therefore instructed to complete a full analysis of the preliminary injunction factors to decide whether to issue the preliminary injunction.

The district court's order denying Plaintiff's preliminary injunction motion is thus **REVERSED and REMANDED** for consideration of all preliminary injunction factors.

17-16876